UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12191 NG

| | |
|---|---|
| THOMAS WEEKS, )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>COVENANT TRANSPORT, INC. and )<br>MAXNER JEAN BAPTISTE, )<br>    Defendants ) | |

**PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM'S**
**ANSWER AND DEMAND FOR TRIAL BY JURY**

1. The defendant-in-counterclaim denies the allegations contained in paragraph 1 of the counterclaim.

2. The defendant-in-counterclaim denies the allegations contained in paragraph 2 of the counterclaim.

SECOND DEFENSE

The defendant says that if he was negligent as alleged which he specifically denies, the negligence of the plaintiff was greater than the alleged negligence of the defendant and, therefore, the plaintiff cannot recover.

THIRD DEFENSE

The defendant says that the plaintiff's own negligence contributed to the cause of the accident and, therefore, the recovery of damages, if any, must be reduced in accordance with the law.

392054

### FOURTH DEFENSE

The defendant says that the motor vehicle involved in the alleged accident or collision was not then being operated by and under the control of a person for whose conduct the defendant was legally responsible.

### FIFTH DEFENSE

The defendant says that the accident as alleged in the plaintiff's complaint was not caused by any person for whose conduct the defendant is legally responsible.

### SIXTH DEFENSE

The defendant says that he is exempt from tort liability for damages to the plaintiff under G.L. c. 90, § 34M.

### SEVENTH DEFENSE

And the defendant further says that the plaintiff is not entitled to recover damages for pain and suffering under G.L. c. 231, § 6D(1-5).

### EIGHTH DEFENSE

The plaintiff is not entitled to recover as the complaint does not set forth a claim upon which relief can be granted.

### NINTH DEFENSE

The defendant says that the plaintiff's complaint must be dismissed on the grounds that the service of process against him was insufficient.

### TENTH DEFENSE

The defendant says that if plaintiff was injured as alleged, such was due to the acts or negligence of another, which constitute an intervening, superseding cause and, therefore, defendant is not liable.

Case 1:04-cv-12191-NG     Document 10     Filed 02/22/2005     Page 3 of 3

Page 3 of 3

THE PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM, THOMAS WEEKS, HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> THE PLAINTIFF/
> DEFENDANT-IN-COUNTERCLAIM
> THOMAS WEEKS
>
> By  */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.: 544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 22nd day of February, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Gene A. Rauhala, Esq., Rendle & Rauhala, 370 Main Street, West Townsend, MA 01474; Richard J. Rafferty, Esq., Eden & Rafferty, P.C., 19 Norwich Street, 5th Floor, Worcester, MA 01608-2416; Neil Sugarman, Esq. and Jodi M. Petrucelli, Esq., Sugarman & Sugarman, P.C., One Beacon Street, Boston, MA 02108; and Robert A. Curley, Jr., Esq., Curley & Curley P.C., 27 School Street, Boston, MA 02108.

Subscribed under the penalties of perjury.

> */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.

392054