UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER:  04-12191 NG

THOMAS WEEKS, Individually and as parent
and next friend of Patrick Weeks and
Marie Weeks, minor
    Plaintiffs
v.
COVENANT TRANSPORT, INC.
MAXNER JEAN BAPTISTE, and
THOMAS BOBINSKI
    Defendants

ANSWER OF DEFENDANT MAXNER JEAN BAPTISTE
TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY CLAIM

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

-2-

6. In response to Paragraph 6, Defendant admits Thomas Bobinski is an individual, but otherwise denies the allegations of Paragraph 6.

AS TOU COUNT I:

7. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 6.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and denies that the Plaintiffs are entitled to any relief.

-3-

AS TO COUNT II:

13. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 12.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and denies that the Plaintiffs are entitled to any relief.

AS TO COUNT III:

19. Defendant incorporates by reference his responses to the allegations of Paragraphs 1 through 18.

-4-

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and denies that the Plaintiffs are entitled to any relief.

First Defense:

24. The injury and damage complained of by the Plaintiff Thomas Weeks were caused in whole or in part by the negligence of the Plaintiff Thomas Weeks, which exceeded any negligence, if any, of the Defendants.

Second Defense:

25. The injury and damage complained of by the Plaintiffs were caused in whole or in part by the conduct of a person or entity for which the Defendant is not legally responsible.

-5-

Third Defense:

26. The Defendants are exempt from liability to the Plaintiffs to the extent provided by the Massachusetts No Fault statutes, Mass. G. L. c. 90 §§34A *et seq* and Mass. G. L. c. 231 §6D.

Fourth Defense:

27. The Plaintiffs' claims are barred to the extent that the Plaintiffs have unreasonably failed to mitigate their damages.

Fifth Defense:

28. The Plaintiffs have failed to make any good and sufficient service of process on the Defendant.

Sixth Defense:

29. The Plaintiffs have waived and/or are estopped from asserting the claims set forth in the Complaint.

DEFENDANT MAXNER JEAN BAPTISTE CLAIMS A TRIAL BY JURY.

-6-

In serving this Answer, Defendant Maxner Jean Baptiste does not waive his Counterclaim against Thomas Weeks previously filed herein by other counsel for said Defendant.

                                      MAXNER JEAN BAPTISTE,
                                      By his Attorneys,

                                      CURLEY & CURLEY P.C.


                                      /s/ Robert A. Curley, Jr., Esq.
                                      Robert A. Curley, Jr., Esq.
                                      27 School Street
                                      Boston   MA   02108
                                      (617) 523-2990
                                      (617) 523-7602 (fax)
                                      BBO # 109180


### CERTIFICATE OF SERVICE

I, Robert A. Curley, Jr., hereby certify that I served a true and correct copy of the foregoing pleading by mailing a copy postage prepaid to the following counsel of record:

                    Richard J. Rafferty, Esq.
                    Eden & Rafferty, P.C.
                  19 Norwich Street, 5th fl
                  Worcester   MA   01608-2416

                    Neil Sugarman, Esq.
                    Jodi Petrucellly, Esq.
                  Sugarman & Sugarman, P.C.
                  One Beacon Street
                  Boston   MA   02108

-7-

G. William Rendle, Esq.
Rendle & Rauhala
370 Main Street
West Townsend    MA 01474


Dated:  July 14, 2005             <u>   /s/ Robert A. Curley, Jr., Esq.</u>
                                                    Robert A. Curley, Jr., Esq.
                                                    CURLEY  & CURLEY P.C.
                                                    27 School Street
                                                    Boston   MA   02108
                                                    (617) 523-2990
                                                    (617) 523-7602 (fax)
                                                    BBO # 109180