UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12191-NG

THOMAS WEEKS,                                          )
      Plaintiff/Defendant-in-Counterclaim    )
                                                                )
vs.                                                                )
                                                                )
COVENANT TRANSPORT, INC. and            )
      Defendant                                           )
and                                                             )
MAXNER JEAN BAPTISTE,                        )
      Defendant/Plaintiff-in-Counterclaim/     )
      Third Party Plaintiff                          )
vs.                                                               )
                                                                )
CARDINAL FREIGHT CARRIERS, INC.,      )
      Third Party Defendant                        )

## ANSWER TO THIRD PARTY COMPLAINT, COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY

    1.  The third party defendant neither admits nor denies the allegations contained in paragraph 1 of the third party complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the defendant/third party plaintiff to his burden of proof.

    2.  The third party defendant neither admits nor denies the allegations contained in paragraph 2 of the third party complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the defendant/third party plaintiff to his burden of proof.

    3.  The third party defendant neither admits nor denies the allegations contained in paragraph 3 of the third party complaint as it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves the defendant/third party plaintiff to his burden of proof.

4.  The third party defendant denies the allegations contained in paragraph 4 of the third party complaint.

5.  The third party defendant admits the allegations contained in paragraph 5 of the third party complaint.

6.  The third party defendant admits the allegations contained in paragraph 6 of the third party complaint.

7.  The third party defendant denies the allegations contained in paragraph 7 of the third party complaint.

8.  The third party defendant denies the allegations contained in paragraph 8 of the third party complaint.

## SECOND DEFENSE

The third party defendant says that if it was negligent as alleged which it specifically denies, the negligence of the third party plaintiff was greater than the alleged negligence of the third party defendant and, therefore, the third party plaintiff cannot recover.

## THIRD DEFENSE

The third party defendant says that the third party plaintiff's own negligence contributed to the cause of the accident and, therefore, the recovery of damages, if any, must be reduced in accordance with the law.

## FOURTH DEFENSE

The third party defendant says that the accident as alleged in the third party plaintiff's complaint was not caused by any person for whose conduct the third party defendant is legally responsible.

## FIFTH DEFENSE

The third party defendant says that at the time of the alleged accident the third party plaintiff was guilty of a violation of the law which contributed to the alleged accident.

403771

## SIXTH DEFENSE

The third party defendant says that it is exempt from tort liability for damages to the third party plaintiff under G.L. c. 90, § 34M.

## SEVENTH DEFENSE

And the third party defendant further says that the third party plaintiff is not entitled to recover damages for pain and suffering under G.L. c. 231, § 6D(1-5).

## EIGHTH DEFENSE

The third party defendant says that if third party plaintiff was injured as alleged, such was due to the acts or negligence of another, which constitute an intervening, superseding cause and, therefore, third party defendant is not liable.

THE THIRD PARTY DEFENDANT, CARDINAL FREIGHT CARRIERS, INC., HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## COUNTERCLAIM V. MAXNER JEAN BAPTISTE AND COVENANT TRANSPORT, INC.

1. At all times relevant and material hereto, the defendant/plaintiff-in-counterclaim/third party plaintiff, Maxner Jean Baptiste, was acting within the scope of his employment as an operator of a tractor trailer unit owned and/or under the control of Covenant Transport, Inc.

2. On May 10, 2004, the defendant/plaintiff-in-counterclaim/third party plaintiff and/or others employed by Covenant Transport, Inc. so negligently operated the tractor trailer owned and/or under the control of Covenant Transport, Inc. so as to cause a motor vehicle accident on Interstate 90, a public way, in Sturbridge, Massachusetts.

3. As the result of the negligence of the defendant/plaintiff-in-counterclaim/third party plaintiff and/or defendant Covenant Transport, Inc. and/or persons under their control, the third party defendant suffered damage for which the defendant/plaintiff-in-counterclaim/third party plaintiff, Maxner Jean Baptiste, and/or Covenant Transport, Inc. is legally responsible.

403771

4.  The defendant, Covenant Transport, Inc., is legally responsible for the acts of its employees within the scope of their employment.

5.  All acts of the operators of the subject tractor trailer unit were within the scope of their employment.

WHEREFORE, the third party defendant demands judgment against the defendant/plaintiff-in-counterclaim/third party plaintiff, Maxner Jean Baptiste, and defendant, Covenant Transport, Inc., with interest and costs and for such other and further relief as this Court deems just and proper.

THE THIRD PARTY DEFENDANT, CARDINAL FREIGHT CARRIERS, INC., HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE THIRD PARTY DEFENDANT
CARDINAL FREIGHT CARRIERS, INC.

By      */s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 4th day of August, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, G. William Rendle, Esq. and Gene A. Rauhala, Esq., Rendle & Rauhala, 370 Main Street, West Townsend, MA  01474; Richard J. Rafferty, Esq., Eden & Rafferty, P.C., 19 Norwich Street, 5th Floor, Worcester, MA  01608-2416; Neil Sugarman, Esq. and Jodi M. Petrucelli, Esq., Sugarman & Sugarman, P.C., One Beacon Street, Boston, MA  02108; and Robert A. Curley, Jr. Esq., Curley & Curley, P.C., 27 School Street, Boston, MA  02108.

Subscribed under the penalties of perjury.

*/s/ Nancy Frankel Pelletier*
Nancy Frankel Pelletier

403771